UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIYITH E. LÓPEZ LÓPEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARCOS CHARLES et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 12-cv-101445-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                      **January 26, 2020**

**I.    Introduction**

On Friday, January 24, 2020, Petitioner Briyith Elizabeth López López ("Petitioner" or "López") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, D. 1 at 12, and mandamus relief, D. 1 at 15, to delay her "compelled departure [from the U.S.] prior to [the] receipt of documents responsive to [her] FOIA request," D. 1 at 13, and seeking immediate release from her "detention through GPS tracking by ICE," D. 1 at 14, a stay of her removal from the United States for "at least 40 days following [her] receipt of the documents responsive to her FOIA request, so that she has a fair opportunity to review her immigration record and file a motion to reopen with the BIA," and attorneys' fees. D. 1 at 17. Also on Friday, Respondents moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for

1

failure to state a claim.  D. 6.  López has now opposed the motion to dismiss.  D. 8.  Having considered the parties' filings and for the reasons stated below, the Court ALLOWS the motion.

## II. Standard of Review

### A. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

The Court will dismiss a pleading that fails to include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" García-Catalán, 734 F.3d at 102 (quoting Fed. R. Civ. P. 8(a)(2)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).  "In

determining whether a [pleading] crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" García-Catalán, 734 F.3d at 103 (alteration in original) (citation omitted). "This context-specific inquiry does not demand 'a high degree of factual specificity.'" Id. (citation omitted).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) "[a]t the pleading stage," dismissal "is appropriate only when the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction." Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003). As with a Fed. R. Civ. P. 12(b)(6) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). Unlike a Rule 12(b)(6) motion, however, the Court may look beyond the pleadings to determine jurisdiction without converting the motion into a summary judgment motion. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

### III. Factual Background

López is a citizen of Guatemala who has resided in the United States since 2007, having entered the country at age ten with her mother. D. 1 ¶¶ 2, 26. Although her mother applied for asylum, withholding of removal and protection under the Convention Against Torture, those applications (on her behalf, and derivatively on behalf of her daughter) were denied by an immigration judge in 2008. D. 1 ¶ 3; D. 6-2 (Affidavit of Mark A. Gentile of Immigration and Customs Enforcement ("ICE")) at ¶¶ 4-5. The Board of Immigration Appeals (the "BIA") remanded the case to an immigration judge in 2010, but the court denied the case. D. 6-2 at ¶¶ 6-7. In 2011, the BIA affirmed this denial and the removal order. D. 1 ¶ 3; D. 6-2 at ¶ 8. Although

the Order of Removal was final in 2011, id., and ICE has previously ordered López to depart the United States since as early as 2014, D. 6-2 at ¶¶ 9, 11, 14, 16, 19, 21, she and her family, which now includes her husband and three-year old daughter, remain in the United States. D. 1 ¶ 4.

López has had multiple opportunities to reopen her removal proceedings, but those attempts have been unsuccessful. She moved to reopen the proceedings with the BIA in 2014, but the BIA denied that motion and López did not seek judicial review of that decision with the Circuit. D. 6-2 at ¶ 10. López moved to reopen again in 2017. D. 6-2 at ¶ 12. The BIA denied that motion and again López did not seek judicial review. D. 6-2 at ¶ 12. López filed a third motion to reopen with the BIA in August 2018. D. 6-2 at ¶ 15. The BIA denied this motion in April 2019 and López did not seek judicial review with the Circuit. D. 6-2 at ¶ 17.

In 2019, in the wake of ICE ordering López to depart the United States by September 28, 2019, on the heels of filing an earlier petition for writ of habeas corpus and in the interest of filing a fourth motion to reopen with the BIA, López and ICE reached an agreement about delaying her departure from the U.S. D. 6-2 at ¶¶ 19-21. On October 29, 2019, ICE agreed to allow López ninety days to depart the country voluntarily to allow her an opportunity to file a fourth motion to reopen. D. 6-2 at ¶ 21. On the eve of that expiration, earlier this month, López sought a further extension of this departure date, and ICE, citing López's immigration history, declined to agree to further extension. D. 6-2 at ¶¶ 23-26. López has a confirmed travel itinerary to leave the United States tomorrow, January 27, 2020. D. 6-2 at ¶ 27.

IV. **Procedural History**

Plaintiffs instituted this action on January 23, 2020. D. 1. Given the timing of López's ordered departure from the United States to Guatemala for January 27, 2020, D. 1 at 8, the Court ordered the parties confer and indicate, by joint statement filed by 5 p.m. on January 24, 2020,

whether they would agree to temporary delay of López's scheduled departure from the United States. D. 4. In response, Defendants moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). D. 6. Again, because of López's pending departure, the Court set an expedited deadline of today, January 26, 2020, for López to file any opposition to the motion to dismiss. D. 7. López filed that opposition earlier today. D. 8.

## V.     Discussion

As an initial matter, Defendants challenge whether López, who is subject to electronic monitoring by GPS by ICE, D. 1 ¶ 1, is "in custody" for the purposes of the Court's consideration of the Petition. D. 6-1 at 6. Relief by way of a writ of habeas corpus extends to a person in custody if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The custody requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" I.A. Ali v. Napolitano, No. 12-CV-11384-FDS, 2013 WL 3929788, at *2 (D. Mass. July 26, 2013) (quoting U.S. ex rel. Bailey v. U.S. Commanding Officer of Office of Provost Marshal, U.S. Army, 496 F.2d 324, 325–26 (1st Cir. 1974)). Restraints short of incarceration may satisfy the "in custody" requirement for habeas relief, but the restraint must significantly compromise the individual's "liberty to do those things which in this country free men are entitled to do." Jones v. Cunningham, 371 U.S. 236, 243 (1963). Petitioner asserts that the conditions of her release, such as GPS monitoring and the requirement of periodic check-ins, render her "in custody" for the purpose of habeas. D. 8 at 3-3; see Jones, 371 U.S. 236, 40 (1962); Hensley v. Municipal Court, 411 U.S. 345, 351 (1973); Strait v. Laird, 406 U.S. 341, 345–46 (1972). Since it is at least plausible that López is "in custody" for the purposes of the Petition, see I.A. Ali, 2013 WL 3929788, at *4

(holding that because the petitioner was limited "when he can travel, where he can reside, with whom he can associate, what information he may keep confidential, and the type of employment in which he can engage," he was "in custody" for the purpose of the habeas petition), the Court assumes without deciding that López is "in custody" and turns to considering whether it otherwise has subject matter jurisdiction to consider the Petition.

### A. Limits of Subject Matter Jurisdiction

The Illegal Immigration Reform and Responsibility Act and Real ID Act places certain limits on judicial review in immigration cases. See 8 U.S.C. § 1252; see also Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007) (explaining that Section 1252 is a "general jurisdictional limitation" and applies to "all questions of law and fact and extends to both constitutional and statutory challenges" arising from removal) (internal quotations and citations omitted). Specifically, under 8 U.S.C. § 1252(g) in relevant part:

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. This provision "deprives the district court of jurisdiction in removal cases." Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005); Candra v. Cronen, 361 F. Supp. 3d 148, 155 (D. Mass. 2019). It is designed to "consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively with the court of appeals." Aguilar, 510 F.3d at 9 (emphasis in original) (citing 8 U.S.C. § 1252(a)(5)). That is, a petitioner's recourse as to immigration matters is with the administrative process with the immigration courts and the BIA that have the authority to conduct

removal proceedings, reopen such proceedings or allow stays of removal. Julce v. Smith, No. 18-CV-10163-FDS, 2018 WL 1083734, at *3 (D. Mass. Feb. 27, 2018) (and citations noted). If a petitioner is aggrieved as to an order of removal, any judicial review is vested with the appropriate Circuit court. Id.; Candra, 361 F. Supp. 3d at 155 (citing 8 U.S.C. § 1252(b)(9)).

These statutory provisions do not bar this Court from considering "claims that are independent of, or wholly collateral to, the removal process." Aguilar, 510 F.3d at 9, 11. Section 1252(g), however, does strip this Court of subject matter "jurisdiction over an alien's challenge to a denial of a stay application because the stay 'is a component of the decision to execute a [removal] order.'" Candra, 361 F. Supp. 3d at 156 (quoting Moussa v. Jenifer, 389 F.3d 550, 554 (6th Cir. 2004)).

### B.  Claims Here, At Base, Relate to the Execution of López's Removal

At base, López's challenge here is to the denial of her further request to stay her long final Order of Removal. This is a challenge over which this Court does not have jurisdiction. "The decision to stay removal is part and parcel of the administrative process of executing a removal order." Candra, 361 F. Supp. 3d at 156. That is, a "decision not to grant a stay of removal is in effect a decision to execute a removal order, and vice versa." Id.[1]

That López is seeking such further stay for receipt of FOIA documents to support a motion to BIA to reopen the removal proceedings does not change this analysis. The bar under Section 1252(g) applies to "any cause or claim" arising from the execution of a removal order, including

---

[1] López's reliance on the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, here, D. 1 at 12, is of no further aid to the Petition. "Congress may provide adequate substitutes for habeas corpus without offending the Suspension Clause." Candra, 361 F. Supp. 3d at 156. Such is true here where López has had multiple opportunities to have her motions to reopen considered by the BIA and to seek judicial review as to same. See id. (distinguishing Devitri v. Cronen, 289 F. Supp. 3d 287, 293 (D. Mass. 2018) where the same was not true).

constitutional claims. Candra, 361 F. Supp. 3d at 156 (citing 8 U.S.C. § 1252(g)). So even as López frames her claim as a violation of due process, for failure to stay removal pending FOIA documents to support a further motion to reopen, D. 1 at 13,[2] this does not change the jurisdiction stripping analysis under Section 1252(g). Candra, 361 F. Supp. 3d at 156 (noting that petitioner's "attempt to frame his claim in due process language does not change the result).

### C. To the Extent that López Is Asserting a Due Process Claim as to GPS Monitoring, She Has Failed to State a Claim

To the extent that López is asserting that her continued GPS tracking violates due process, this portion of the Petition fails to state a claim. Even assuming *arguendo*, as noted above, that López's GPS monitoring here constitutes being in custody, and "district courts retain jurisdiction over challenges to the legality of detention in the immigration context," Aguilar, 510 F.3d at 9 (1st Cir. 2007), she fails to state a claim under Rule 12(b)(6) as to this claim. Given the order of removal and the nature of such provision, such a claim fails as it "does not violate aliens' due process rights because it is rationally related to the governmental purpose of monitoring aliens subject to final orders of removal." Iruene v. Weber, 3:12-cv-1864, 2012 WL 5945079, at *3 (N.D. Tex. Aug. 1, 2012) (denying a habeas petition asserting due process violation based on the requirement petitioner wear and ankle bracelet pending removal); Diawara v. DHS, No. 09-CV-

---

[2] López's reliance upon Dent v. Holder, 627 F.3d 365, 374 (9th Cir. 2010) does not warrant a different outcome. D. 1 ¶ 17. In Dent v. Holder, the Ninth Circuit observed that "a serious due process problem" would arise if noncitizens were not provided their FOIA request during a removal proceeding. Id. at 374; see Martins v. United States Citizenship & Immigration Servs., 962 F. Supp. 2d 1106 (N.D. Cal. 2013). There, the Court was addressing potential due process issues while the removal proceedings were ongoing and held, on different grounds, that the petitioner had been denied an opportunity to fully and fairly litigate his removal. Id. at 374. Here, the removal proceedings have concluded, the BIA appeal closed and multiple motions to reopen denied. Although Petitioner contends that, without her FOIA request fulfilled, she may be "deprived of an opportunity to be meaningfully heard by the [BIA]," D. 8 at 4, she has in fact already been heard by the BIA and her appeal was denied. D. 1 ¶ 3.

2512, 2010 WL 4225562, at * 2 (D. Md.Oct. 25, 2010) (dismissing a habeas claim challenging the requirement that the petitioner wear and ankle bracelet); Julce, 2018 WL 1083734, at *5 (rejecting any challenge to length of detention where petitioner had been detained for less than six months and showing would be governed by Zadvydas v. Davis, 533 U.S. 678, 701 (2001)).[3]

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), D. 6.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] Given that this Court concludes that it lacks subject matter jurisdiction over these claims, it does not find the extraordinary remedy of mandamus appropriate. See Chasse v. Chasen, 595 F.2d 59, 60–61 (1st Cir. 1979).